805 F.2d 1037
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Elmer WINTERS, Plaintiff-Appellant,
v.
Patrick LYNCH; City of Euclid; Euclid Police Department;
Anthony J. Giunta, Mayor; Unknown Police
Officers, Defendants-Appellees.
 No. 85-4002.
 United States Court of Appeals, Sixth Circuit.
 Oct. 27, 1986.
 
 Before LIVELY, Chief Judge, MERRITT, Circuit Judge, and TIMBERS, Senior Circuit Judge.*
 MERRITT, Circuit Judge.
 
 
 1
 Elmer Winters appeals from the District Court alleging that his 42 U.S.C. Sec. 1983 action was improperly dismissed on the statute of limitations because his eligibility for a tolling provision was not considered. For the reasons stated below, we reverse and remand to the District Court for consideration of appellant's eligibility for tolling under the Ohio statute.
 
 
 2
 On June 27, 1985, appellant filed a complaint under 42 U.S.C. Sec. 1983 alleging various acts of police brutality during an arrest on April 4, 1980. Defendants moved to dismiss under Rule 12(b)(6) on the ground that the statute of limitations had run. In his pro se brief opposing this motion, Winters alleged that he was incarcerated and therefore entitled to the disability tolling provisions of Ohio Revised Code Ann. Sec. 2305.16. The district judge granted the motion to dismiss without comment on the tolling claim.
 
 
 3
 The recent Supreme Court case of Wilson v. Garcia, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), wiped away a good part of our case law relating to statutes of limitation in Sec. 1983 actions. Yet, despite this sweeping change, it is clear from the Wilson opinion that some of the principles established by earlier cases have survived. As suggested by footnote 17 in Wilson, the case of Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1974), remains part of the law on borrowing state statutes of limitation. Therefore, it is always necessary to consider state provisions on tolling, revival, and similar concepts whenever they are raised as a defense to the statute of limitations. See Wilson v. Garcia, 105 S.Ct. at 1943 citing Johnson v. Railway Express Agency, 421 U.S. at 464.
 
 
 4
 In this case, appellant clearly alleged disability tolling under Ohio Rev.Code Ann. Sec. 2305.16. In so doing, he raised an issue of fact as to whether he was under disability as defined by that statute which should have been considered by the trial court as a defense to the motion to dismiss. However, our reading of the record reveals no evidence that it was so considered. Accordingly, the District Court's dismissal of appellant's claim was premature and erroneous.
 
 
 5
 Appellees assert in their brief that Mr. Winters was released on bail shortly after his arrest, and that this was sufficient to extinguish any tolling based on his incarceration. This is indeed the law in some jurisdictions. See Annot. 77 A.L.R.3d 735, 756, "Imprisonment of Party to Civil Action as Tolling Statute of Limitations." In this case, however, we have no evidence to support appellees' assertion or any conclusions of law as to the effect of such a release on the Ohio statute. Since the record before us is silent on this issue, appellees' claim must await consideration by the District Court on remand.
 
 
 6
 The judgment of the District Court is hereby reversed, and the case is remanded for additional proceedings consistent with this opinion.
 
 
 
 *
 The Honorable William H. Timbers, Senior Circuit Judge of the United States Court of Appeals for the Second Circuit, sitting by designation